IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-15-172-D |
| ) | |
| WESLEY TAVION GRANT, ) | |
| a/k/a Olajawan Armond Bush, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

On December 23, 2015, the government filed its Rule 404(b) Notice [Doc. No. 52], stating its intention to introduce evidence at trial regarding Defendant Wesley Tavion Grant's "prior convictions for drug offenses, including his prior possession of phencyclidine (PCP), for the purpose of proving intent, plan, knowledge, and absence of mistake or accident," pursuant to Fed. R. Evid. 404(b).

Defendant Grant has included argument in a brief regarding other evidentiary issues, an objection to the admission of evidence regarding his prior convictions and a prior instance of PCP possession. He contends this evidence is inadmissible because the government has failed to adequately identify and demonstrate a proper purpose under Rule 404(b), and the evidence would be unfairly prejudicial under Fed. R. Evid. 403. Although the better practice would have been for Mr. Grant to file a timely motion in limine to exclude the evidence to which he objects, the Court directed the government to respond to his objection to permit an orderly pretrial ruling in advance of the presentation of evidence at his jury trial.

The government has filed a timely response as authorized by the Court. In this brief, the government limits its argument regarding the purposes for which it proposes to use the challenged evidence as proof of knowledge, intent, and lack of mistake. *See* Pl.'s Reply Br. [Doc. No. 80], p.4. Accordingly, the Court limits its ruling to a consideration of the proposed purposes on which the government now relies.[1]

## Background

The Indictment charges Mr. Grant with three drug offenses: Count 1, conspiracy to possess with intent to distribute and to distribute phencyclidine (PCP), in violation of 21 U.S.C. § 846; Count 2, distribution of PCP in violation of 21 U.S.C. § 841(a)(1); and Count 3, possession with intent to distribute PCP in violation of 21 U.S.C. § 841(a)(1). The alleged conspiracy involved three other conspirators, one of whom has reached a plea agreement with the government and is expected to testify as a witness for the prosecution. Based on arguments presented during a pretrial hearing on the admissibility of other evidence, requested jury instructions filed by Mr. Grant proposing an instruction on a lesser included offense of simple possession, and argument by the government describing a statement allegedly made by Mr. Grant shortly after his arrest to the effect that he was merely a user of PCP, the Court understands one defense to the charge of possession with intent to distribute that Mr. Grant plans to assert at trial is that he possessed a small quantity of PCP for personal use and did not intend to distribute it.

---

[1] Of course, if Defendant should testify in his defense at trial, evidence of prior convictions may be admissible under Fed. R. Evid. 609 for impeachment purposes.

Mr. Grant has two previous convictions of criminal offenses involving possession with intent to distribute controlled substances: a 2013 state court conviction of possession of PCP with intent to distribute and possession of marijuana with intent to distribute, Case No. CF-2013-609 in Oklahoma County, Oklahoma; and a 2014 state conviction of possession of cocaine with intent to sell, Case No. C122819531 in Las Vegas, Nevada.[2] In addition to the facts of these convictions, the government states that it intends to introduce evidence of the "underlying facts behind Mr. Grant's 2014 conviction, including the fact that PCP was found dumped in the toilet of the residence that Mr. Grant fled from in Las Vegas, Nevada." *See* Rule 404(b) Notice [Doc. No. 52], p.2. The apparent relevance of the latter evidence to prove the charges in the Indictment is that Defendant Grant's underlying conduct in the Nevada case (but not his conviction) involved the possession of PCP.

**Standard of Decision**

The government seeks to admit evidence of Mr. Grant's past crimes or conduct involving PCP under Rule 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

---

[2] The government's notice of Information to Establish Prior Convictions Pursuant to 21 U.S.C. § 851 states that Mr. Grant pled guilty in the Nevada case to "possession of cocaine with intent to sell" (*see* Doc. No. 55, p.2), while the government's Rule 404(b) Notice states that Mr. Grant pled guilty in that case to "possession of controlled substance (marijuana and/or cocaine) with intent to sell" (*see* Doc. No. 52, p.4). Either way, the conviction was not based on his possession of PCP.

3

*See* Fed. R. Crim. P. 404(b). There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). When offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). In this circuit, "[t]he government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence." *Id*. (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985)); *see also United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009).

### Discussion

**A.     Intent**

The government proposes to use evidence of the 2013 and 2014 convictions to show that Mr. Grant was not "simply a user of PCP" but had the requisite intent to distribute it. *See* Pl.'s Reply Br. [Doc. No. 80], p.4. The government argues that evidence of past crimes is particularly probative where a defendant denies a specific intent to commit the offense with which he is charged. *Id*. (citing *United States v. Cherry*, 433 F.3d 698, 700-01 (10th Cir. 2005)). The court of appeals observed in *Cherry*: "This Court has repeatedly held that

4

evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense." *See Cherry*, 433 F.3d at 701. Further, here, as in *Cherry*, the question of whether Mr. Grant had the requisite intent to distribute the PCP found in his possession will be a primary issue in the trial of this case. Thus, Mr. Grant's prior convictions for crimes requiring an intent to distribute controlled substances is clearly probative of Mr. Grant's intent with regard to the PCP in this case. Accordingly, the Court finds that the government's proposed evidence is admissible for a proper purpose under Rule 404(b).

**B.      Knowledge and Lack of Accident or Mistake**

The government states that it intends to use evidence of Mr. Grant's prior drug trafficking crime and his conduct involving PCP to prove "he knew how to possess and distribute large quantities of PCP . . . and he was not just in the wrong place at the wrong time when he was arrested as part of the instant conspiracy." *See* Pl.'s Reply Br. [Doc. No. 80], p.4. Count 1 of the Indictment charges a conspiracy to possess with intent to distribute and to distribute more than 1 kilogram of a mixture or substance containing PCP. Further, the anticipated evidence disclosed during the pretrial hearing conducted by the Court included the fact that the alleged conspiracy involved a very large quantity of PCP. Mr. Grant's prior experience with or involvement in trafficking PCP is relevant to prove this fact, to corroborate other evidence that Mr. Grant knowingly possessed the PCP, and to establish his knowledge of how to accomplish the alleged PCP trafficking conspiracy in this

5

case. Therefore, the Court finds that the government's proposed evidence is also admissible for this purpose under Rule 404(b).

C.     **Rule 403 Balancing**

The Court further finds the probative value of the government's proposed evidence of prior convictions and conduct involving PCP, which is obviously prejudicial, is not substantially outweighed by the danger of unfair prejudice. The similarity and temporal proximity of prior criminal conduct involving PCP renders the government's proposed evidence highly probative of Mr. Grant's intent to distribute PCP in this case. *See, e.g., United States v. Cardinas Garcia*, 596 F.3d 788, 797-98 (10th Cir. 2010) ("To determine relevance under Rule 404(b), we must examine factors such as the similarity of the uncharged act to the charged conduct and the temporal proximity of the two acts."). Because Mr. Grant's intent to distribute PCP will be proved by circumstantial evidence, the Court finds that the probative value of his prior conduct involving illegal drug trafficking, particularly conduct involving PCP, is not substantially outweighed by its potential for unfair prejudice. The Court therefore finds that evidence of Mr. Grant's prior convictions and conduct involving PCP is admissible under Rule 404(b). The Court will, of course, give an appropriate limiting instruction if Mr. Grant so requests.

## Conclusion

For the reasons set forth herein, the Court concludes that Defendant Grant's objection to the government's intended use of evidence of his prior convictions at trial [Doc. No. 66] should be, and hereby is, OVERRULED. The Court will admit evidence of Mr. Grant's prior

convictions in the manner and to the extent proposed by the government subject to a limiting instruction, if one is requested. Defendant Grant should submit any proposed cautionary instructions related to this issue not later than 8:00 a.m. on Tuesday, January 19, 2016.

IT IS SO ORDERED this 15th day of January, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE