# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR-15-172-D ) |
| WESLEY TAVION GRANT, a/k/a Olajawan Armond Bush, and LARENZO MONTEL GABOUREL, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is the United States' Motion in Limine [Doc. No. 56], by which the government seeks 1) to exclude any reference at trial to a complaint made by Defendant Wesley Tavion Grant a/k/a Olajawan Armond Bush against police officers who discovered a bottle of phencyclidine (PCP) on his body, and 2) to admit evidence at trial that all defendants have ties – variously described as "significant," "strong" and "close" – to a criminal street gang known as the Athens Park Bloods. *See* Motion, pp.1, 2 & 4. Only Mr. Grant has responded to the Motion, stating that he does not oppose the exclusion of evidence regarding his police complaint. He does object, however, to the introduction of evidence of gang affiliation, and he requests an order prohibiting the government from introducing such evidence. *See* Grant's Resp. Br. [Doc. No. 66], p.1.[1] With the Court's

---

[1] Mr. Grant also purports in his response brief to seek the exclusion of evidence regarding his prior criminal convictions. This evidence was the subject of the government's Rule 404(b) Notice [Doc. No. 52], and Mr. Grant's objection to its admission has been addressed by a separate order [Doc. No. 83]. All pretrial requests by Mr. Grant to exclude evidence should have been made by timely motions in limine, to which the government could have responded in the usual manner.

authorization, the government has filed a reply brief. The sole issue presented for decision by Plaintiff's Motion and the parties' arguments regarding it is the admissibility of gang affiliation evidence.

The government argues, correctly, that the court of appeals has "deem[ed] gang-affiliation evidence as probative and 'directly relevant' to establishing some of the elements for a conspiracy – the agreement, purpose, and knowledge of coconspirators." *United States v. Hopkins*, 608 F. App'x 637, 647 (10th Cir. 2015) (citing *United States v. Robinson*, 978 F.2d 1554, 1562 (10th Cir. 1992)); *see also United States v. Archuletta*, 737 F.3d 1287, 1293 (10th Cir. 2013) (citing cases). Mr. Grant also correctly argues, however, that these cases involved particular findings that the trial court did not abuse its discretion in admitting the testimony at issue, after identifying the probative value of the evidence to prove issues in the case and weighing that value against the danger of unfair prejudice. *See Archuletta*, 737 F.3d at 1294 (gang expert's testimony about a gang's structure and purpose was relevant where "a pillar of the defense's case was testimony designed to . . . paint the [the gang] as 'just a group of friends' who only got together to 'hang out'"); *see also Hopkins*, 608 F. App'x at 648 (gang affiliation evidence countered defendants' argument disputing the interdependence of coconspirators). An example of evidence properly admitted to establish an agreement among coconspirators and the purpose of a conspiracy, has included expert testimony that the "main purpose" of the defendants' gang was to engage in the type of criminal conduct that was the object of the alleged conspiracy. *See Robinson*, 978 F.2d at 1561. Further, in cases where a defendant has argued, as here, that the evidence

2

would portray him as acting in conformity with a criminal character, the court has conducted a Rule 404(b) analysis. *See id*. at 1562-63.

In this case, the government argues generally that the defendants had "ties to the Athens Park Bloods street gang," (Pl.'s Mot. Limine [Doc. No. 56], p.4) and that "[t]his evidence is probative to establish the agreement, purpose and knowledge of Mr. Grant and his co-conspirators." *See* Pl.'s Reply Br. [Doc. No. 80], p.2. The government is less than clear about the relationship of particular defendants to the Athens Park Bloods gang, or the anticipated trial evidence about the gang and its activities.[2] In short, the broad-brush argument presented in the government's briefs does not permit a reasoned analysis of the probative value of any gang-related evidence weighed against the danger of unfair prejudice to the defendants. Accordingly, the Court is unable to issue a pretrial ruling on the admissibility of the government's gang-affiliation evidence.

Therefore, the Court finds that the government's Motion must be denied at this time. Prior to offering evidence or argument regarding a defendant's gang-affiliation during the trial, the government will be required to seek a ruling from the Court outside of the hearing of the jury.

IT IS THEREFORE ORDERED that the United States' Motion in Limine [Doc. No. 56] is DENIED. It is moot with respect to evidence of Mr. Grant's complaint against

---

[2] The government states that a cooperating defendant, Paul Thomas, has acknowledged "that he spent time with the same street gang." *See* Pl.'s Reply Br. [Doc. No. 80], p.2. During a pretrial hearing on other issues, a case agent testified that he was unaware of any evidence of Defendant Larenzo Montel Gabourel's membership in the gang.

police officers, and the admissibility of evidence regarding the defendants' gang affiliation must be decided in the context of the trial evidence, outside the presence of the jury. The government is cautioned to alert opposing counsel and the Court before eliciting any information regarding a defendant's gang affiliation during the jury trial.

IT IS SO ORDERED this  19th  day of January, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE